Filed 6/26/13  County of San Diego v. Mark W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, | D061225 |
| Plaintiff, | |
| v. | (Super. Ct. No. DF192808) |
| MARK W., | |
| Defendant and Respondent; | |
| SUZANNE G., | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Darlene A. White, Commissioner.  Affirmed.

Suzanne G., in pro. per., for Objector and Appellant.

No appearance for Defendant and Respondent.

Mark W. and Suzanne G. are the parents of twin sons, R. and M. (born 2005). After their birth, the County of San Diego filed this action to require Mark to pay child support for the children.  Eventually, the family court entered a final custody order,

placing the children with Suzanne during the week. Suzanne appeals an order changing physical custody of the children from her custody during the week, to Mark's custody. Suzanne claims Mark did not prove a substantial change of circumstances. We disagree and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2011, the family court ordered that Mark and Suzanne share legal custody of the children. The court ordered that during the school year, the children reside with Suzanne during the week and with Mark on the weekends. The family court stated that its orders were a final adjudication of custody and visitation under *Montenegro v. Diaz* (2001) 26 Cal.4th 249 (*Montenegro*).

In November 2011, Mark filed an ex parte application seeking immediate removal of the children from Suzanne. The family court set the matter for hearing and reappointed William M. Benjamin as counsel for the children. The family court ultimately heard the matter in January 2012. As relevant to this appeal, the family court found a "substantial change in circumstances" that warranted a change in the prior "*Montenegro* order." Specifically, the court noted that R. "has been spiraling downward both in academics and in behavior such that it would be detrimental to both children not to make the modifications set forth herein." The court switched custody, so that Mark would have the children during the week and Suzanne would have the children on the weekends. Based on this swap, the children were to be enrolled in a school where Mark resided. Suzanne timely appealed.

2

DISCUSSION

Suzanne asserts the trial court erred in changing physical custody because Mark did not prove a substantial change of circumstances. We disagree.

Child custody orders are modifiable whenever the court finds a change is "necessary or proper" in the child's best interests. (Fam. Code, §§ 3022, 3088, undesignated statutory references are to the Family Code.) Courts must look at all circumstances bearing on the child's best interests, with the primary focus on the child's health, safety and welfare. (§ 3020; *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 31– 32 (*Burgess*).) There is no preference or presumption in favor of any particular arrangement for custody or visitation. (§ 3040, subd. (c).)

Custody arrangements under an existing order can only be changed upon a showing of a substantial change in circumstances so affecting the child that modification is essential to the child's welfare. (*Burgess*, *supra*, 13 Cal.4th at p. 37.) Absent such a showing, any modification constitutes an abuse of discretion. (*Ibid.*) The moving party has the twofold burden of showing how circumstances have changed and why the custody modification would be in the child's best interests. (*In re Marriage of McLoren* (1988) 202 Cal.App.3d 108, 111–112, 114 [standard applies to requests to change legal or physical custody].) We review a decision modifying custody under an abuse of discretion standard. (*Burgess*, *supra*, 13 Cal.4th at p. 32.) A greater showing is required to modify a permanent custody order than is required to modify a temporary custody order. (*Montenegro*, *supra*, 26 Cal.4th at pp. 256–257.)

3

In support of his request to change physical custody of the children, Mark filed a declaration generally stating that R.'s behavior while at school has deteriorated causing R. to be suspended a number of times. He claimed that the children needed to be removed from Suzanne because she mentally abused and physically harmed them. Counsel for the children filed a declaration stating that the children expressed no fear as to either parent and he observed no discomfort between the children and Suzanne. He spoke to the principal at the children's school and learned that while "[R.] had some behavior issues last year, they were not as pronounced as they are this year." Among other things, R. behaves aggressively, hides from the staff, yells and hits other children. Counsel believed that "[n]either parent's explanation for R.'s sudden spiking of behavior issues seem[ed] plausible, standing alone." He noted that R.'s behavior would likely not be tolerated at R.'s school for many more days. Counsel made a number of recommendations to the court, including reversing the current parenting plan so that the children would reside with Mark during the school week.

This evidence supported the family court's order as it revealed that the circumstances have changed and that the custody modification was in the best interests of the children. Suzanne complains that Mark's sole basis for seeking a change in physical custody was her alleged abuse of the children, but that the evidence did not support Mark's allegations. Significantly, the family court made no finding on Mark's abuse allegations. Rather, after considering all the evidence, the court used a best interests analysis to conclude "it would be detrimental to both children not to make the

4

modifications set forth herein."  We conclude the family court did not abuse its discretion by ordering the change of physical custody.

As an aside, we feel compelled to note the comment of minor's counsel that "[t]he level of hostility between the parents has increased, not subsided, and both boys have clearly been exposed to same."  Thus, it appears this case, as with tragically too many others, involves "parents [who] pursue their animosity toward each other to the detriment of their children."  (*In re Marriage of Candiotti* (1995) 34 Cal.App.4th 718, 722.)  We urge the parents to set aside their differences for the benefit of the children.

## DISPOSITION

The order is affirmed.

McINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

5